# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOODY WOODROW TANKSLEY, | CASE NO. 1:08-cv-01608-GSA PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | (Doc. 1) |
| Defendants. | |

### Screening Order

**I.      Screening Requirement**

Plaintiff Moody Woodrow Tanksley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 26, 2008. Pursuant to Plaintiff's written consent, filed November 3, 2008, and Appendix A(k)(4) of the Local Rules of the Eastern District of California, this case is assigned to the undersigned to conduct any and all proceedings.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
4  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
5  506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
6  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
7  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
8  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading
9  standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330
10 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements
11 of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257
12 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

13 **II.     Summary of Complaint**

14 Plaintiff is currently housed at Salinas Valley State Prison. Plaintiff is suing John and Jane
15 Doe defendants employed at Avenal State Prison and Salinas Valley State Prison. On February 28,
16 2007, Plaintiff was sentenced to prison by the Kern County Superior Court for violating California
17 Penal Code § 453.[1] (Doc. 1, Comp.) Plaintiff appealed and on April 29, 2008, the Fifth District
18 Court of Appeals issued an order remanding his case back to the superior court pursuant to section
19 1385. (Id.) Plaintiff alleges that the superior court affirmed pursuant to section 1385, which did
20 away with his conviction. (Id.) Plaintiff alleges that instead of releasing him, he was transferred to
21 and falsely imprisoned at Salinas Valley. (Id.)

22 The Court takes judicial notice of the decision in People v. Tanksley, No. F052507, 2008 WL
23 1874528 (Cal.App. 5 Dist., Apr. 28, 2008), referred to by Plaintiff in his complaint. The appellate
24 court affirmed Plaintiff's conviction, and remanded the case to the superior court only to amend the
25 minutes. Nothing in the decision supports Plaintiff's contention that his conviction was set aside.

---

[1] Plaintiff alleges the year was 2008. However, the Court takes judicial notice, pursuant to the decision in People v. Tanksley, No. F052507, 2008 WL 1874528 (Cal.App. 5 Dist., Apr. 28, 2008), that the conviction year was 2007.

2

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 1245-48 (2005); Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking relief for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). A claim . . . bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

Plaintiff's challenge to his continued retention in custody must be raised in a petition for writ of habeas corpus and not in this civil rights action. Plaintiff fails to state a claim upon which relief may be granted and this action shall be dismissed, without prejudice.

**III.     Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The deficiency is not amenable to being cured through amendment, Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987), and the Court HEREBY ORDERS this action DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted under section 1983.

IT IS SO ORDERED.

Dated:   **February 11, 2009**                      **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE